# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRAVIS JOHN O'CONNOR,<br><br>Defendant. | No. CR07-2008<br><br>**ORDER FOR PRETRIAL DETENTION** |

On the 14th day of May, 2007, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Peter E. Deegan, Jr. Defendant Travis John O'Connor appeared personally and was represented by his attorney, David Nadler.

## *RELEVANT FACTS*

On May 9, 2007, Defendant Travis John O'Connor was charged by Indictment (docket number 1) in two counts: Count 1 alleges that on December 12, 2006, Defendant knowingly transported visual depictions of minors engaged in sexually explicit conduct. Count 2 alleges that on the same date, Defendant distributed visual depictions of minors engaged in sexually explicit conduct. At the initial appearance/arraignment on May 10, 2007, Defendant entered a plea of not guilty and trial is now scheduled before Judge Mark W. Bennett on July 2, 2007.

Kari Rea testified that she is an investigator with the Cedar Falls Police Department, with special training in child protection cases. On August 4, 2006, Rea was working "undercover" online in a Yahoo chat room. Rea assumed the "profile" of a 15-year-old female from Cedar Falls.

1

According to Rea, Defendant "approached me" in the chat room and asked to chat privately. Rea told Defendant that she was 15 years old and resided in Cedar Falls. According to Rea, the "chat" was of a sexually explicit nature and Defendant masturbated in front of a web camera. Rea had similar contacts with Defendant on August 9, 2006, and August 13, 2006, with Defendant engaging in sexually explicit chat and masturbating in front of a web camera.

On December 12, 2006, Investigator Rea had further contact with Defendant. A printout of the chat (Government's Exhibit 1) reflects sexually explicit talk by Defendant and an apparent reference to Defendant masturbating. Rea testified that she watched Defendant masturbate and could see his face. Rea identified Defendant in the courtroom at the time of hearing. In addition, Rea testified that when she was added to Defendant's "buddy list," his real name showed up in his "profile."

What distinguished the chat on December 12, 2006, from earlier visits, however, was Defendant's transmission of twenty-seven pornographic photographs. According to Rea, twenty-one out of the twenty-seven photographs reflected children engaged in sexual activity. Rea sent copies of the photographs to the National Center for Missing and Exploited Children, and five known child victims were identified.

On January 5, 2007, Investigator Rea and Defendant were chatting on line, when Defendant asked to speak to Rea and gave her his cell phone number. Rea called him and they talked about meeting in the future in Cedar Falls. (According to Rea, the call was recorded.) The cell phone was owned by Moody Plumbing and Heating, where Defendant was employed at that time.

On January 9, 2007, Investigator Rea and Defendant chatted on line, with Defendant masturbating in front of a web camera. A photo from the web cam (Government's Exhibit 2) reflects what appears to be the Defendant wearing a work shirt with the name "Travis." (According to Rea, the image on her monitor was clearer than the photograph depicted in Government's Exhibit 2.)

During the chats, Defendant disclosed his date of birth, that he lived with his parents, had a conviction for operating while intoxicated, and had a sister. The information provided is consistent with information subsequently learned about Defendant.

In support of his request that he be released on conditions, Defendant offered the testimony of his mother, Colleen O'Connor. Ms. O'Connor testified that Defendant graduated from Muscatine High School and received advanced training in heating and air conditioning from a technical school. For approximately the last two years, Defendant has lived at home and worked at Moody's Heating and Air Conditioning. He quit that employment "a couple of weeks ago," however, in order to seek a better job. Ms. O'Connor testified that Defendant could continue to live with her if he was released prior to trial.

These charges were initially brought in state court, with Defendant being arrested on February 9, 2007. He was released from state custody after his mother posted bond. There is no evidence of law violations since the Defendant was released from state custody.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095, the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755, 107 S. Ct. at 2105.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions

3

will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense involving a minor victim, as enumerated in 18 U.S.C. § 3142(e), then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987), *aff'd*, 822 F.2d 1095 (table) (8th Cir. 1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a

4

Case 6:07-cr-02008-MWB    Document 12    Filed 05/16/07    Page 4 of 6

factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with knowingly transporting visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1), and distribution of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). These charges establish a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community.

The Defendant has lived in Muscatine throughout his life, with the exception of time spent in Illinois for schooling. The Government does not argue that he is a risk of flight and there does not appear to be any substantial evidence to support such an argument in any event. The Government argues, however, that Defendant would be a danger to the community if released prior to trial.

The evidence introduced at the time of hearing supports a finding that Defendant engaged in an online conversation with a person who he believed was fifteen years old. Not only was the chat sexually explicit in nature, Defendant transmitted video of him masturbating. More significantly, however, on December 12, 2006, Defendant transmitted numerous images of children engaged in vaginal and oral intercourse. On January 5, 2007, Defendant spoke on the phone with the person who he believed to be fifteen years old and suggested that they meet in person.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open

5

court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 15th day of May, 2007.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA