# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN WATERLOO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVIS JOHN O'CONNOR,<br><br>    Defendant. | No. CR07-2008-MWB<br><br>**REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS** |

_____

On May 9, 2007, the defendant Travis John O'Connor was charged by the grand jury with one count of knowingly transporting and shipping, and attempting to transport and ship, child pornography in violation of 18 U.S.C. 2252A(a)(1) and (b)(1), and one count of knowingly distributing and attempting to distribute child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). (Doc. No. 1)

On June 7, 2007, O'Connor filed a Motion to Suppress (Doc. No. 17), in which he seeks to suppress evidence seized during a search of his residence on the basis that the search warrant was not supported by probable cause. O'Connor has requested a hearing on his motion. (*See* Doc. No. 17-1, p. 2) O'Connor submitted a supplement to his motion (Doc. No. 18) containing a copy of the search warrant in question, and the warrant application and return. The Endorsement of Search Warrant Application does not indicate the issuing judge relied on anything other than the supporting affidavit. (*See* Doc. No. 18-2, p. 6) When the issuing judge relies on nothing other than the affidavit supporting the warrant application, "only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995); *accord United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005); *United States v. Etheridge*, 165 F.3d 655, 656 (8th Cir. 1999). Accordingly, O'Connor's **request for hearing is denied**.

The warrant affidavit must be "examined under a common sense approach and not in a hypertechnical fashion." *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993); *accord Solomon*, 432 F.3d at 827. The affiant, Kari Rea, is a member of the Cedar Falls, Iowa, Police Department. In her affidavit, Officer Rea indicated she "has received specialized training in internet crimes, specifically involving internet crimes against children," and "[s]he is a member of the Iowa Internet Crimes Against Children Task Force."

Officer Rea stated she became acquainted with O'Connor while she was posing as a fifteen-year-old Cedar Falls student ("the girl") in an online chat room. According to the officer, O'Connor approached the girl in the chat room, and they engaged in "a number of online chats" between August 4, 2006, and February 7, 2007. Their chats included sexually-explicit discussions in which O'Connor "made inquiries about the girl's sexual history, and what she was sexually willing to do with him." He asked if the girl would like to see some photos, and he transmitted sexually-explicit photos of children. Officer Rea forwarded the photographs to the National Center for Missing and Exploited Children for analysis, and that organization confirmed that four of the photographs contained images of known victims of child pornography.

In addition, O'Connor used a webcam to transmit video of himself masturbating while he chatted online with the girl. At one point, he provided a cell phone number to the girl so she could call him, and Officer Rea traced the identity of the cellular service subscriber to Moody Plumbing and Heating of Muscatine, Iowa. O'Connor had stated in his online chats that he worked in "heating and air conditioning."

Officer Rea was able to capture video of O'Connor while his webcam was operative. She compared his image with a driver's license photograph of O'Connor. She also noted that in the video, O'Connor was wearing a work shirt bearing the name "Travis" on it, and she confirmed that O'Connor's first name was "Travis." O'Connor

told the girl he lived with his parents, and Officer Rea confirmed that O'Connor lived with his parents, Timothy and Colleen O'Connor, in Muscatine, Iowa. In addition, during the chats, O'Connor stated he had a sister, and the officer was able to confirm that O'Connor has a sister.

After setting forth the above facts in her affidavit, Officer Rea then stated the following:

> Due to the identification of drivers license photo of the defendant (Travis O'Connor) with the electronic image of the person captured via web camera feed as that being of one in the same person, it is believed that the defendant is in fact the person who has been communicating with your applicant since August, 2006, and speaking of meeting for the purpose of sex. Further, it has been the experience of your applicant that persons possessing, disseminating, or otherwise saving material such as the images shared by the defendant O'Connor (and later confirmed by the National Center for Missing and Exploited Children as those being of children engaging in sex acts or simulated sex acts) will typically do so in private, and in an environment of which they can maintain control, such as their personal residence. In addition, it is your applicant's experience, that those persons possessing, disseminating, or otherwise saving material such as the images electronically shared by the defendant via computer link, will keep, harbor, and/or collect and store such images in an electronic form, such as on computer hard drives, media disks, or video tapes. As stated previously, the images provided to your applicant by the defendant [were] done so simultaneously during a chat in which a web camera was activated, while showing the facial image of the defendant. For that reason, it is believed that the above named defendant (Travis J. O'Connor) is in fact the person who electronically shared the aforementioned photos of children engaging in sex acts or simulated sex acts, and that he likely did so from his residence . . . in Muscatine, IA., and that the images were transmitted electronically, via a computer at his residence.

(Doc. No. 18-2, p. 2)

3

Officer Rea sought a warrant to search O'Connor's residence for evidence specifically linking him to the chats with the fictitious girl, and for other evidence linking O'Connor to illegal activities involving the production, dissemination, receipt, or sharing of pornographic material. The warrant application lists the material sought with specificity. (*See* Doc. No. 18-2, p. 4)

In the current motion and supporting brief, O'Connor argues the warrant affidavit was insufficient to provide probable cause for issuance of a warrant to search his residence. He argues the applicant failed to allege anything about the time of day when the online communications took place, and contained no facts to indicate O'Connor had or used a computer at his residence, or that he was home when the communications allegedly took place. He argues that although the facts alleged in the affidavit may have supported a conclusion that he was chatting from his workplace, nothing in the affidavit led to a reasonable suspicion that evidence of illegal activities would be found at his residence. He argues further that the officer's "statement that material such as that sought by the application would typically be at the suspect's personal residence was not entitled [to] ratification by the judicial officer issuing the warrant." (Doc. No. 17-2, p. 4)

The court finds no merit in O'Connor's argument. In reviewing a warrant application, the task of the issuing judge is to make "a practical, common-sense decision whether, given all the circumstance set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983); *accord United States v. Olvey*, 437 F.3d 804, 807 (8th Cir. 2006) (citing *Gates*, and *United States v. Gladney*, 48 F.3d 309, 312 (8th Cir. 1995)). "Probable cause is not a rigidly defined concept, for it depends on the totality of the circumstances and the specific facts in a given situation." *United States v. Bach*, 400 F.3d 622, 628 (8th Cir. 2005) (citing *Gates, supra*).

"[P]robable cause may be established by the observations of trained law enforcement officers or by circumstantial evidence." *United States v. Searcy*, 181 F.3d 975, 981 (8th Cir. 1999); *accord United States v. Terry*, 305 F.3d 818, 822-23 (8th Cir. 2002). The Third Circuit Court of Appeals explained this consideration well in *United States v. Whitner*, 219 F.3d 289 (3d Cir. 2000):

> The supporting affidavit must be read in its entirety and in a commonsense and nontechnical manner. Statements in an affidavit may not be read in isolation – the affidavit must be read as a whole. Furthermore, the issuing judge or magistrate may give considerable weight to the conclusions of experienced law enforcement officers regarding where evidence of crime is likely to be found and is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.

*Whitner*, 219 F.3d at 296 (internal citations and quotations omitted).

In the present case, the affidavit contained background information indicating Officer Rea is experienced and well-qualified in the investigation of internet crimes against children. The court finds the issuing judge was entitled to rely on the officer's experienced opinion that it was likely O'Connor maintained the images of child pornography that he had shared during his online chats at his residence, and that he had used the webcam at his residence. It certainly was reasonable for the officer, and the issuing judge, to conclude that O'Connor had used a webcam to transmit images of himself masturbating from his home, rather than from his place of employment

The court also finds it significant that Officer Rea took steps to verify as much of the information as she could before applying for a search warrant for O'Connor's residence. She verified that the person who transmitted the pornographic video via webcam matched O'Connor's appearance in his driver's license photo; he wore a shirt bearing the name "Matt," and O'Connor's first name is, in fact, Matt; he lives with his

parents, as he stated in his chats; he has a sister, as he stated in his chats; he works at a heating and air conditioning company, as he stated in his chats; and his birthday is March 2nd, as he stated in his chats. "It is well established that even the corroboration of minor, innocent details can suffice to establish probable cause. . . ." *United States v. Solomon*, 432 F.3d 824, 828 (8th Cir. 2005) (internal quotations marks and citations omitted).

The court finds that taking the affidavit as a whole, it was reasonable for the issuing judge to conclude contraband or evidence of a crime would be found in O'Connor's residence.

For these reasons, the undersigned respectfully recommends O'Connor's motion to suppress be **denied**.[1]

Any party who objects to this report and recommendation must serve and file specific, written objections by **June 18, 2007**. Any response to the objections must be served and filed by **June 23, 2007.**

**IT IS SO ORDERED.**

**DATED** this 11th day of June, 2007.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[1] The court recognizes that the plaintiff has not yet had time to respond to the defendant's motion to suppress. The undersigned found that in light of the clarity of the law and the facts, it was not unnecessary to await the plaintiff's response before issuing a recommendation on the defendant's motion.